In re Max FRANKEL, Debtor.

Barbara BALABER–STRAUSS, as Trustee of the Estate of Max Frankel, Plaintiff,

v.

Joseph MARKOWITZ, Defendant.

Bankruptcy No. 93–B–21371 (ASH).
Adv. No. 95–5103A.

United States Bankruptcy Court,
S.D. New York,
White Plains Division.

Nov. 15, 1995.

Serchuk & Zelermyer, LLP, Special Litigation Counsel to the Trustee by Benjamin Zelermyer, White Plains, NY.

Farber, Segall & Pappalardo by Eugene I. Farber, White Plains, NY, for Defendant.

## DECISION ON REQUEST FOR RECONSIDERATION OF THE ISSUANCE OF SANCTIONS AGAINST COUNSEL

ADLAI S. HARDIN, Jr., Bankruptcy Judge.

In a decision dated October 16, 1995, 191 B.R. 564 following a trial in the above-entitled adversary proceeding, this Court sua sponte granted sanctions "for the costs incurred by the Trustee, including reasonable legal fees to be approved by this Court, in prosecuting this adversary proceeding through judgment" (Decision at 576) and stated that sanctions "will be awarded against Defendant and counsel to be borne equally" (*Id.* at 575). The Court instructed counsel for the Trustee to "serve and file an appropriate application ... for an award of counsel fees and expenses in accordance with the applicable rules" (*Id.* at 576). In compliance with the Court's instruction, counsel for the Trustee submitted an application for an award of sanctions in the total amount of $84,520.89 of legal fees and expenses.

The day before the settlement date for the Trustee's proposed order determining the issues in the adversary proceeding in conformance with the Court's October 16, 1995 decision, counsel for Defendant submitted an affidavit and memorandum of law in support of a request for reconsideration of the issuance of sanctions against Defendant's counsel. I hereby grant the request and, upon reconsideration, I conclude that the award of sanctions against counsel was improvident and should be withdrawn. I also conclude that the amount of the sanction to be awarded in favor of the Trustee and against the

Defendant should be reduced to a figure below 50% of the allowed costs and expenses incurred by the Trustee in connection with the adversary proceeding.

The award of sanctions in this case was predicated not upon the fact that Defendant lost on the merits, but upon Defendant's willful and contemptuous conduct and lack of good faith. Having authorized his counsel to state in his February 3, 1995 letter to the Trustee that "Mr. Markowitz is ready, willing and able to proceed to closing," Defendant proceeded to willfully breach his obligation under his contract with the Trustee and under this Court's order dated December 14, 1994 approving and confirming the sale. As shown by the evidence at the trial, the grounds asserted by Defendant for reneging on his obligations were pretextual and sham, and his testimony at the trial was palpably lacking in candor in a number of material respects. The Court's findings with regard to the foregoing matters are set forth in the October 16, 1995 decision and need not be repeated here. Suffice it to say that, whatever the real reason(s) for Defendant's decision to renege on his contractual and Court-ordered obligation to purchase the property, that decision was not predicated on the grounds testified to by Defendant at the trial, to wit, the alleged defects in the notice of sale and the alleged "confusion" at the auction.

In view of the foregoing and for the reasons stated in the October 16, 1995 decision, the Court hereby reaffirms its conclusion that sanctions against Defendant are appropriate in some amount. However, 50% of the Trustee's legal expenses as revealed in the Trustee's pending application would constitute a more onerous sanction than I contemplated and believe to be necessary or appropriate.[1] It is my conclusion that $15,000, equating to approximately 5% of the monetary value of the judgment, including interest, attributable to Defendant's conduct giving rise to, and his defense of, this adversary proceeding, is a sufficient sanction. The order which I have signed today so provides.

Different considerations inform the issue whether to award sanctions against an attorney. Within reasonable limits and based upon reasonable inquiry, an attorney is entitled to rely upon facts, both objective and subjective, asserted by a client. In his affidavit requesting reconsideration, Defendant's attorney has described the prior investigation which caused him to conclude that reasonable grounds existed for the legal and factual points raised in defense of Defendant's breach. I accept counsel's recitation and conclude that he represented his client "zealously [but] within the bounds of the law" within the meaning of Canon 7 of the Lawyers' Code of Professional Responsibility, and particularly DR 7–101, DR 7–102 and DR 7–106.

In certain, highly unusual cases, public policy dictates that counsel who pursues a cause utterly without valid basis or objective, at material cost to the adversary or the system, should be sanctioned as recompense to the injured party, disincentive to future such conduct and vindication of the integrity of the system. Upon reconsideration, I conclude that such is not the case here. Accordingly, the award of sanctions against Defendant's counsel is vacated.

---

1. In his request for reconsideration, counsel for Defendant has argued that the Trustee's requested legal fees are excessive and unnecessary in various respects. I express no view on these contentions and will refrain from passing upon the questions raised until an appropriate application for an award of fees and expenses is made in the Chapter 7 case, at which time counsel will have an opportunity to address these issues. It is sufficient to state here that my decision to fix the sanction against Defendant in an amount far less than would result from the award articulated in the October 16 decision does not reflect agreement (or disagreement) with the arguments raised by Defendant's counsel in response to the Trustee's application.